IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL SHANE ANDERSON,

                              Plaintiff,

             v.                              CASE NO. 08-3243-SAC

CORRECTIONS CORPORATION OF AMERICA,

                              Defendant.


O R D E R

Before the court is a Bivens[1] complaint filed by a prisoner confined in Leavenworth, Kansas, in a correctional facility operated by the Corrections Corporation of America (CCA). Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

Because plaintiff is a prisoner, he must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account

---

[1] *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records, the court assesses an initial partial filing fee of $11.50, twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar.

Also, because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff alleges he was beaten by several inmates on August 4, 2008, and sustained injuries to one or more of his hands.  Plaintiff states that medical attention was delayed for over two hours, that the doctor's review of plaintiff's injuries was superficial and inadequate, and that he had to wait two weeks for x-rays to be taken and still has not been informed of the results of those x-rays.  Plaintiff claims his hands are broken, and claims he has sustained permanent damages due to inadequate and delayed care. On these allegations, plaintiff seeks damages from CCA, the sole defendant named in the complaint.

The Supreme Court has held, however, that <u>Bivens</u> provides no implied right of action for damages against a private entity engaged

2

in alleged constitutional violations while acting under color of federal law. Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001). Accordingly, the court finds plaintiff's complaint is subject to being summarily dismissed as stating no claim for relief against the sole defendant named in this action.

*Notice and Show Cause Order to Plaintiff*

The court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under Bivens.[2] *See* 28 U.S.C. § 1915A(b)(court is dismiss the complaint or any portion thereof that is frivolous, malicious or fails to state a claim, or that seeks damages from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"); 42 U.S.C. § 1997e(c) (court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted). The failure to file a timely response may result in the complaint being dismissed for the

---

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $11.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 8th day of October 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4